**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

IN RE:

JAIME G. VILARO COLÓN and
LOURDES BONANO VÉLEZ,

          DEBTORS.

_____

CASE NO. 13-05545 EAG

CHAPTER 7

FILED & ENTERED ON 10/05/2016

**OPINION AND ORDER**

The chapter 7 trustee asks the court to deny the exemption of salaries earned by the debtors in the time between the filing of their chapter 11 petition and the subsequent conversion of their case to chapter 7. [Dkt. No. 107.] The debtors oppose by arguing that those salaries are not property of the estate. [Dkt. No. 111.] Before reaching the exemption issue, the court must first decide whether the salaries are property of the chapter 7 estate. For the reasons stated below, the court finds that the post-petition, pre-conversion salaries are property of the chapter 7 estate, and grants the trustee's objection to the exemption of the salaries claimed by the debtors.

**I. JURISDICTION**

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico, dated July 19, 1984 (Torruella, C.J.).[1] This is a core proceeding in accordance with 28 U.S.C. § 157(b).

_____

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended. All references to "Bankruptcy

## II. PROCEDURAL BACKGROUND

The debtors filed a petition for relief under chapter 11 of the Bankruptcy Code on July 3, 2013. [Dkt. No. 1.] On July 16, 2013, they filed their schedules and statement of financial affairs. [Dkt. No. 9.] Their case spent over 15 months in chapter 11 before converting to chapter 7 on October 8, 2014. [Dkt. No. 83.] On October 24, 2014, the debtors amended their schedules to include and exempt a debtor-in-possession bank account. [Dkt. No. 96 at pp. 13 & 16.]

On November 23, 2014, the trustee filed an objection to the exemption of the bank account. [Dkt. No. 107.] The debtors, on December 16, 2014, opposed the trustee's objection. [Dkt. No. 111.] The trustee replied on February 9, 2015, and the debtors sur-replied on March 9, 2015. [Dkt. Nos. 118 &121.]

At a hearing held on May 12, 2015, to consider the trustee's objection and the debtors' opposition, the court set this contested matter for an evidentiary hearing on June 23, 2015. [Dkt. No. 127.] On June 22, 2015, the debtors and the trustee filed separately their parts of the pretrial report. [Dkt. Nos. 134-136.] At the hearing, the parties told the court that there would be no need to hold an evidentiary hearing as this contested matter was purely an issue of law. [Dkt. No. 138.] The debtors were granted 45 days to file a memorandum on the legal issue in controversy, and the trustee was granted 21 days thereafter to respond. [Id.]

---

Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

On July 31, 2015, the debtors filed their memorandum, and on November 17, 2015, the trustee filed her memorandum in response.  [Dkt. Nos. 140 & 143.]  On March 29, 2016, the trustee filed a motion to supplement the memorandum of law at docket number 143.  [Dkt. No. 145.] On May 25, 2016, the debtors responded to the trustee's supplement.  [Dkt. No. 151.]

**III. UNCONTESTED FACTS**

The following facts are undisputed as found in the record of this case and the pre-trial reports filed by the parties at docket numbers 134, 135, and 136:

The debtors filed a petition for relief under chapter 11 of the Bankruptcy Code on July 3, 2013.  [Dkt. No. 1.]  The debtors had a pre-petition bank account in Banco Santander Puerto Rico which was closed on August 6, 2013. [Dkt. No. 121 at p. 6.] The bank statement for the pre-petition bank account shows that the debtors received a credit in the amount of $2,792.11 on July 2, 2013, and that a check for $2,795.04 was issued and paid on July 3, 2013. [Dkt. No. 121 at p. 7.]  The debtors opened a DIP bank account with Banco Santander on August 5, 2013.  [Dkt. No. 121 at p. 9.]

The debtors were unable to confirm a chapter 11 plan, and the case was converted to chapter 7 on October 8, 2014.  [Dkt. No. 84.]  On October 9, 2014, Banco Santander issued a letter certifying that the debtors had a $2,310.79 balance in the DIP bank account. [Dkt. No. 121 at p. 11.] On October 14, 2014, the debtors made a payment to Payless Rent a Car in the amount of $453.87, leaving a balance of $1,856.92 in the DIP bank account. [Dkt. No. 136 at pp. 12-14.]

On October 24, 2014, the debtors amended schedule B to add the post-petition DIP account at Banco Santander with a value of $2,310.79.  [Dkt. No. 96 at p. 13.]  They also

3

amended schedule C to exempt $1,850 of the DIP account under section 522(d)(5).  [Dkt. No. 96 at p. 16.]  The parties agree that the debtors earned and deposited the money in the DIP account during the time between the filing of the chapter 11 case on July 3, 2013, and its conversion to chapter 7 on October 8, 2014.  [Dkt. No. 138.]  The parties further agree that the money was in the DIP account at the time of the conversion from chapter 11 to 7.  [Id.]

### IV. APPLICABLE LAW AND DISCUSSION

Section 541 broadly defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1).  But, in chapter 11 cases, salaries earned post-petition by an individual debtor are property of the estate pursuant to section 1115, which includes as estate property "earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 12, or 13, whichever occurs first."  11 U.S.C. § 1115(a)(2).[2]  Hence, there is no doubt that the post-petition salaries were part of this bankruptcy estate prior to the conversion of the case to chapter 7.

Section 348 provides that "[c]onversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but . . . does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief."  11 U.S.C. § 348(a).  A subsection of section 348 further provides that, when a case is converted from chapter 13 to

---

[2] Similarly, in a chapter 13 case, estate property includes "earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first."  11 U.S.C. § 1306(a)(2).

another chapter, "property of the estate in the converted case shall consist of property of estate, as of the date of the filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion." 11 U.S.C. § 348(f)(1)(A).  Thus, the estate of the converted case excludes salaries earned by the debtor after the filing of the chapter 13 petition, but with an exception: if the chapter 13 debtor converts in bad faith, then the estate of the converted case will include estate property as of the date of the conversion.  11 U.S.C. § 348(f)(2).

No provision similar to subsections 348(f)(1)(A) and (f)(2) exists in the Bankruptcy Code for a case converted from chapter 11 to another chapter.  And there is a split among courts that have addressed the treatment of post-petition salaries in cases converted from chapter 11.

The trustee argues that section 348(f) applies only to conversions from chapter 13 and, thus, the debtors cannot exempt salary monies in the DIP account at the time of the conversion because those monies are property of the estate.  She cites Meier v. Katz (In re Meier), 550 B.R. 384 (N.D. Ill. 2016) in support of that position.  In Meier, the district court affirmed an order from the bankruptcy court granting a motion to compel an individual debtor, in a case converted from chapter 11 to 7, to turn over post-petition, pre-conversion funds to the chapter 7 estate.  Meier, 550 B.R. at 391.  It analyzed the language of section 348 and concluded that the reach of section 348(f) is limited to chapter 13 cases and that the debtor's "post-petition earnings were part of the Chapter 7 estate." Meier, 550 B.R. at 390.

Bankruptcy courts in Trustee v. Tolkin (In re Tolkin), No. 809-8311, 2011 WL 1302191 (Bankr. E.D. N.Y. Apr. 5, 2011) and In re Hoyle, No. 10-01484, 2013 WL 3294273 (Bankr. D.

5

Idaho June 28, 2013) came to the same conclusion as the district court in Meier.  In Tolkin, the court explained that the language of section 1115(a) parallels that of section 1306(a), both broadening the scope of what is property of the estate in chapters 11 and 13, respectively, and including post-petition earnings as property of the estate.  Tolkin, 2011 WL 1302191, at *10.  But, the Tolkin court noted that, "unlike in a Chapter 13 case, there is no provision similar to § 348(f) to . . . 'adjust the reach of Section 1115'" for a case converted from chapter 11.  Id. (quoting In re Quillen, 408 B.R. 601, 620 n.33 (Bankr. D. Md. 2009).  Thus, "what is captured as property of the debtor's estate under § 1115 remains as property of the estate, even after conversion of the case to another chapter."  Id.  The Hoyle court followed the Tolkin opinion and its reasoning.  "Congress did not choose, when adding § 1115 in 2005, to also amend § 348 to provide a provision like § 348(f)(1) for chapter 11 cases converted to chapter 7."  Hoyle, 2013 WL 3294273, at * 7.

But, there is another line of cases that supports the position of the debtors.

The Bankruptcy Appellate Panel of the Ninth Circuit reasoned, in In re Markosian, 506 B.R. 273, 276 (B.A.P. 9th Cir. 2014), that when a debtor converts a chapter 11 case to chapter 7, section 348(a) applies: leaving unchanged the petition date.  And, "§ 541(a)(6) excludes from the chapter 7 estate earnings from services performed by individual debtors after the commencement of a case."  Id.  Thus, "by operation of section 348(a), personal service income that came into Debtors' chapter 11 estate is recharacterized as property of the debtor under § 541(a)(6) when the case is converted to chapter 7."  Id. (footnote omitted).  The bankruptcy court, in In re Evans, 464 B.R. 429, 441 (Bankr. D. Colo. 2011), reached a similar result when it concluded that "there is no reasoned basis to treat Chapter 11 and 12 cases differently than

Chapter 13 cases" and refused to "interpret § 348 as requiring a different result in a conversion from a Chapter 13 case rather than from a Chapter 11 or 12 case."

After studying the cases and provisions of the Bankruptcy Code discussed above, the court finds more persuasive those cases supporting the position of the trustee than of the debtors. The post-petition, pre-conversion salaries of the debtors in this case remain property of the chapter 7 estate.

The debtors go on to argue that, if the court were to find that the post-petition salaries are property of the chapter 7 estate, they may still exempt those salaries under section 522(d)(5). [Dkt. No. 151 at p. 2.] The trustee counter argues that the debtors may exempt only property that existed at the time of the filing of the petition, and the post-petition salaries, obviously, did not exist at that time. [Dkt. No. 143 at p. 3.] Again, the court agrees with the trustee. "Rights to exemptions are fixed as of the date of the petition." In re Ellis, 446 B.R. 22, 24 (Bankr. D. Mass. 2011) (citing 11 U.S.C. § 522(b)(3)(A)). And, in order to determine what exemptions a debtor may claim, the court must "focus only on the law and facts as they exist on the date of filing the petition." In re Peterson, 897 F.2d 935, 937 (8th Cir. 1990). It is undisputed that the debtors' salaries were earned post-petition. The conversion of the case from chapter 11 to 7 did not alter the date of the petition to the date of the conversion. 11 U.S.C. §348(a). As a result, the debtors cannot exempt salaries earned post-petition.

**V. CONCLUSION**

For the reasons stated above, the trustee's objection (at docket number 107) to the debtors' exemption in their amended schedule C (at docket number 96) of the $1,850 in their DIP bank account is GRANTED.

**SO ORDERED.**

In Ponce, Puerto Rico, this 5th day of October, 2016.

Edward A. Godoy
U.S. Bankruptcy Judge